**R. B. PITTMAN, Appellant,**

**v.**

**GULF, COLORADO & SANTA FE RAILWAY CO., Appellee.**

No. 3560.

Court of Civil Appeals of Texas.

Eastland.

Sept. 23, 1960.

Rehearing Denied Oct. 14, 1960.

Scarborough, Black & Tarpley, Abilene, for appellant.

Hudson, Keltner, Jordan & Cunningham, Fort Worth, for appellee.

WALTER, Justice.

R. B. Pittman filed suit under the provisions of the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.) seeking to recover damages for personal injuries sustained by him while working for the Gulf,

Colorado & Santa Fe Railway Co. Pittman alleged the railroad was guilty of negligence which was a proximate cause of his injury in failing to replace a defective nut after it was removed from defendant's equipment, in failing to warn the plaintiff of the defective condition of the nut, which he was tightening, and in failing to furnish the plaintiff with a safe place to work.

When Pittman rested his case, the court instructed a verdict for the railway company and rendered judgment for the railway company. Pittman has appealed, contending the court erred in instructing a verdict because there was some evidence of probative force of negligence and proximate cause on the part of the railway company which caused his injuries and resulting damages. Section 51 of the act provides, among other things, that a common carrier shall be liable in damages to any person sustaining an injury while in the course of his employment resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery or other equipment.

"The courts of this State have repeatedly held that it is error to instruct a verdict when the evidence raises any material issue. In passing upon the question of the authority of the trial court to instruct a verdict, as was done in this case, the evidence must be considered most favorably in behalf of the party against whom the verdict is instructed. A peremptory instruction is warranted only when the evidence is such that no other verdict should be rendered. If there is any conflicting evidence in the record of a probative nature, a determination of the issue is for the jury. White v. White, 141 Tex. 328, 172 S.W.2d 295; Stevens v. Karr, 119 Tex. 479, 33 S.W. 2d 725." Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W. 2d 422, 425.

Pittman was working in the course of his employment as a machinist for Santa Fe at the time of his alleged injury. Anderson, a fellow employee, had a report of a steam leak from a coupling between the engine and a car on a passenger train. The coupling was described as a 2½ inch pipe with two swing joints and two swivel joints that is connected between the engine and the car. It was also described as a steam conduit. Anderson had dismantled the coupling, replaced a gasket, reassembled it and had all the work done except lifting it back in place and tightening the bolts. The foreman held a flashlight and Pittman was helping Anderson. The bolt that Pittman was attempting to tighten at the time of the alleged injury was described as a cap screw about 2½ inches long that screws into the bottom casting and pulls it up.

Under the Federal Employers' Liability Act the test of what constitutes negligence and proximate cause is to be determined by applicable federal decisions. Under recent decisions by the United States Supreme Court in Federal Employers' Liability Act cases, we are compelled to find there was some evidence of probative value of negligence and proximate cause, when we consider the evidence in the light most favorable to the appellant.

When Anderson was asked if he would have replaced a defective bolt with a new one, he answered, "Well, sometimes we don't." He also testified as follows: that the steam that was leaking could have gotten on the head of the bolt in question; that the exposure of the bolt to the steam causes it to rust and has a tendency to gaul them and make them hard to take off; that

"Q. Counsel also asked you about taking off bolts like that, or nuts, or whatever you want to call them, and not replacing them when they were defective; why was it that you did not replace some of those some of the time? A. Most of the time we were on short time over there on passenger trains, they run on schedule, and we had—we would have to go get one, there's no store department where we can get one at night, it's not open at night.

"Q. In other words, you are crowded for time to get the passenger train to running again? A. That's right.

"Q. A lot of times when you just could not make connections, is that not right? A. That's right, would have to delay it."

Pittman testified as follows: that the joints twisted off of the bolt suddenly as he tightened it and he fell backward, injuring his back; that he looked at the bolt after he had fallen and could see "that the jaw had broken off"; that the bolts are exposed to steam when there is a leak in this area; that the corners of the bolt sheared off and caused him to fall.

With facts less favorable to the injured man than we have in the case at bar, the Supreme Court of the United States has held that there was adequate evidence of negligence and proximate cause. See Gibson v. Thompson, 355 U.S. 18, 78 S.Ct. 2, 2 L.Ed.2d 1, and cases therein cited, and Deen v. Gulf, Colorado & Santa Fe Ry. Co., 353 U.S. 925, 77 S.Ct. 715, 1 L.Ed.2d 721.

The judgment is reversed and the cause is remanded for a new trial.